**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CHRISTOPHER RYAN FORD,

Defendant-Appellant.

No. 20-30015

D.C. No. 4:17-cr-00214-DCN-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted November 9, 2020[**]

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Christopher Ryan Ford appeals from the district court's judgment and challenges the 8-month custodial sentence and 28-month term of supervised release imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Ford contends that the district court procedurally erred by failing to consider the 18 U.S.C. § 3583(e) sentencing factors and sufficiently explain the sentence. We review for plain error, *see United States v. Valencia-Barragan,* 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court considered the relevant section 3583(e) sentencing factors and sufficiently explained its reasons for imposing the sentence, including the need for deterrence and Ford's multiple breaches of the court's trust. *See United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008) (en banc)

Ford also contends that the sentence is substantively unreasonable because his violations were allegedly not serious enough to warrant both a custodial sentence and a term of supervision. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the § 3583(e) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51; *United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007) (primary purpose of revocation sentence is to sanction defendant's breach of the court's trust).

**AFFIRMED.**

20-30015